# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| OLAUDAH McKENZIE, | ) | |
| Movant, | ) | |
| v. | ) | CV616-086 |
| | ) | CR615-001 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court
By James Burrell at 10:46 am, Feb 02, 2018

# **ORDER**

Olaudah McKenzie's 28 U.S.C. § 2255 motion to vacate his conviction was denied on the merits (docs. 353, 367 & 370) and his motion for a certificate of appealability was denied by the Eleventh Circuit (*McKenzie v. United States*, No. 17-11869 (11th Cir. Oct. 13, 2017). He now seeks to compel the disclosure of the Government's informant and exculpatory and impeachment materials used in his case. Doc. 381 (titling the motion "This is not a second or successive 2255 motion, this is a motion to compel the disclosure of the ident[i]ty of conf[i]dential informant #73-891").

Even after a § 2255 motion or habeas petition is filed, a petitioner is generally "not entitled to discovery as a matter of ordinary course" but must instead demonstrate "good cause." *Arthur v. Allen*, 459 F.3d

1310, 1310 (11th Cir. 2006); *see also* Rules 1(b) and 6(a) of the Rules Governing § 2254 Cases; Rule 6(a) of the Rules Governing Section 2255 Proceedings; *United States v. Hollis*, 2010 WL 892196 (D. Ak. Mar. 10, 2010) (denying document unsealing without a relevancy showing because such production would just be a "fishing expedition for the sake of turning up new potential 2255 claims").

Here, McKenzie has not made any need-based showing for these documents beyond his vague, conclusory belief that they may be of some use to him. *See* doc. 381. He has already litigated, and lost, his § 2255 motion. His request is therefore denied. *See Hands v. United States*, 2016 WL 4995074 at *3 (E.D.N.C. Sept. 19, 2016).

**SO ORDERED,** this __2nd__ day of February, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA